DA 25-0620

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 173N

SANDRA A. GEMAR,

      Petitioner and Appellee,

  v.

RICHARD K. GEMAR, JR.,

      Respondent and Appellant.

APPEAL FROM:   District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DR-25-51
Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Richard K. Gemar, Jr., Self-Represented, Odgen, Utah

      For Appellee:

          Sandra A. Gemar, Self-Represented, Libby, Montana

Submitted on Briefs: May 13, 2026

Decided: July 28, 2026

Filed:

         _____
                      Clerk

FILED

07/28/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0620

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Richard K. Gemar, Jr., (Richard) appeals from a Permanent Order of Protection entered in the Nineteenth Judicial District Court, Lincoln County, on August 1, 2025, ordering Richard to stay 1,500 feet away from the Petitioner, Sandra A. Gemar (Sandra), and the parties' minor child, A.N.G., except as permitted in a Final Parenting Plan entered in the Tenth Judicial District Court, Fergus County, on December 28, 2020. We affirm.

¶3 The parties have a lengthy and complex history of litigation, including two order of protection cases and a dissolution case. The Final Parenting Plan grants Richard supervised visitation for one hour every other week. Noting the existence of an earlier order of protection between the parties, the Tenth Judicial District Court ordered that all communication regarding visitation and transportation for A.N.G. must be conducted through the person designated to supervise Richard's parenting time. On March 24, 2025, Sandra filed a Sworn Petition for Temporary Order of Protection with the Nineteenth Judicial District Court (District Court). In her Sworn Petition for Temporary Order Protection, Sandra alleged an extensive history of abuse, stalking, and harassment which escalates with Richard's increased substance abuse. More specifically, Sandra alleged that Richard continues to stalk her, both in person and through social media, and that he moved

2

into a house just two doors down from where Sandra resides. Sandra recounted a recent incident where Richard yelled at Sandra over the course of multiple days through the doorway of his residence. Sandra recounted another incident in Idaho where Richard held Sandra hostage in his truck. Sandra further alleged that Richard had destroyed most of her possessions over the course of their volatile relationship. Finally, Sandra attached a plea agreement entered in the City Court of Lewistown, Montana, on March 7, 2025, wherein Richard pleaded guilty to one count of Violation of Order of Protection, First Offense, a misdemeanor.

¶4 The parties appeared at a hearing before the District Court on June 11, 2025, where they gave conflicting testimony regarding Richard's parenting time with A.N.G. Richard denied using drugs and stated that he is a professional confidential informer and that the reason for his behavior was that there is gang activity going on against him. Richard admitted to prior domestic violence against Sandra. At the hearing, the District Court consolidated the parties' dissolution matter, filed under Cause Number DR-25-51, with the order of protection proceeding filed under Cause Number DR-25-45. The District Court issued its August 1, 2025 Order of Protection, which orders the parties to follow the 2020 Final Parenting Plan regarding A.N.G., in addition to ordering Richard to stay at least 1,500 feet away from Sandra. The District Court later clarified in an August 29, 2025 Order that Richard's visitation is not required to take place in Lewistown, but, rather, at a location convenient to the parties. The court also clarified that a third party who it had mistaken as Sandra's attorney is not the designated person to coordinate Richard's

supervised visitation time with A.N.G. The court further noted that all but one of Richard's pending motions relate to parenting and will be addressed in the dissolution proceeding.

¶5 On appeal, Richard provides a "transcript" that he transcribed himself of a 2019 hearing before a Wyoming court. On February 19, 2026, this Court denied Richard's request to waive the transcript fees under M. R. App. P. 5(5). Richard has not paid the transcript fees or provided a copy of the relevant transcript prepared by a certified court reporter. On February 25, 2026, Richard filed a Motion to Strike Sandra's Response Brief, alleging that she made material misrepresentations regarding the Final Parenting Plan. Then, on March 10, 2026, Richard filed a Notice of Supplemental Authority requesting that this Court decline to consider Sandra's Response Brief because it was not filed within the time allotted under the Montana Rules of Appellate Procedure. We denied Richard's Motion to Strike and dismissed his Notice of Supplemental Authority on March 24, 2026.

¶6 Richard argues that the terms of the August 1, 2025 Permanent Order of Protection do not permit him to exercise his supervised visitation time, contends that his due process rights were violated by the District Court's refusal to consider some of his motions, and collaterally attacks the 2020 Final Parenting Plan. Sandra responds that Richard is using the court system to continue harassing her and that any parental contact with Richard beyond the Final Parenting Plan would be damaging to A.N.G.

¶7 The dispositive issue on appeal is whether the District Court abused its discretion in entering its August 1, 2025 Permanent Order of Protection. "We review a district court's decision to continue, amend, or make permanent an order of protection for abuse of discretion." *Helt v. Guess*, 2026 MT 117, ¶ 17, 428 Mont. 256, 590 P.3d 401. A district

4

court abuses its discretion when it acts without conscientious judgment, arbitrarily, or exceeds the bounds of reason, resulting in substantial injustice to a party. *Helt*, ¶ 17. We review findings of fact for clear error. *Helt*, ¶ 17. "Even where there is conflicting evidence, we will uphold findings of fact and conclusions supported by substantial credible evidence." *Helt*, ¶ 23. Our review of constitutional due process issues is plenary. *In re Marriage of Sampley*, 2015 MT 121, ¶ 6, 379 Mont. 131, 347 P.3d 1281.

¶8 "The court may, on the basis of the respondent's history of violence, the severity of the offense at issue, and the evidence presented at the hearing, determine that to avoid further injury or harm, the petitioner needs permanent protection." Section 40-15-204(1), MCA. Accordingly, a "court may order that the order of protection remain in effect permanently." Section 40-15-204(1), MCA. An order of protection may include a family member who is a minor, § 40-15-204(4), MCA, however, the "statute requires child-specific findings" and "does not allow a court to restrain parent-child contact based only on generalized concerns about the respondent's conduct toward the other parent." *Helt*, ¶ 26. Hence, a court may not supplant a child custody proceeding with an order of protection proceeding. *Helt*, ¶ 32. Once a district court makes a child custody determination, it retains exclusive, continuing jurisdiction over future custody determinations absent circumstances not relevant here. Section 40-7-202, MCA.

¶9 Here, the District Court heard substantial credible evidence in support of its conclusion that a permanent order of protection was necessary for the protection of Sandra from Richard's repeated harassment. Because Richard did not file a transcript of the June 11, 2025 hearing, we are unable to consider anything other than the District Court's

findings in its August 29, 2025 Order.  The evidence before the court supports a finding of a long-running cycle of domestic violence, including repeated instances of harassment of Sandra by Richard.  We agree that Richard's efforts on appeal and before the District Court appear designed to continue such harassment.  Unlike the trial court in *Helt*, here, the District Court did not seek to substitute a child custody determination with an order of protection and explicitly ordered the parties to follow the 2020 Final Parenting Plan.  Likewise, the District Court properly referred Richard's pending motions attacking the findings in support of the 2020 Final Parenting Plan to the consolidated proceeding under Cause Number DR-25-51, which retains exclusive, continuing jurisdiction over child custody determinations concerning A.N.G.  We also note that district courts exercise considerable discretion whether to set a hearing on a party's motions.  *In re Marriage of Sampley*, ¶ 9.

¶10   Richard's complaint that he cannot follow both the 2020 Final Parenting Plan and the Permanent Order of Protection is misplaced.  Richard is permitted limited, indirect contact with Sandra solely through the designated parenting-time supervisor only to the extent necessary to communicate logistics regarding his supervised parenting time with A.N.G.  He is not permitted to contact Sandra through a third party for any other purpose.

¶11   Accordingly, the District Court did not abuse its discretion and did not violate Richard's due process rights when it issued the Permanent Order of Protection.

¶12   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13    Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON